UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TYREE HARGROVES, LAVAR
HARGROVES, BRANDON HARGROVES,
AND KENNETH WRIGHT,

        Plaintiffs,

v.

03 CV 1668 (RRM) (ALC)
03 CV 3869 (RRM) (ALC)
03 CV 5323 (RRM) (ALC)

ORDER DENYING A
STAY OF DISCOVERY

THE CITY OF NEW YORK, NEW
YORK CITY POLICE DEPARTMENT,
BARRY CULPEPPER, and JOSEPH LIOTTA,

        Defendants,

-------------------------------------------------------X
DAVID ALLEN

        Plaintiff,

v.                                    03 CV 4646 (RRM) (ALC)

THE CITY OF NEW YORK, NEW
YORK CITY POLICE DEPARTMENT,
BARRY CULPEPPER, JOSEPH LIOTTA,
and JOHN WARNER

        Defendants,

-------------------------------------------------------X

**ANDREW L. CARTER, JR., UNITED STATES MAGISTRATE JUDGE:**

        Plaintiffs Tyree Hargroves, Lavar Hargroves, Brandon Hargroves, Kenneth Wright and David Allen filed the instant action pursuant to 42 U.S.C. § 1983 against Defendants the City of New York, the New York Police Department and police officers Barry Culpepper, Joseph Liotta,

1

and John Warner. Plaintiffs alleged that Defendants violated their civil rights after the officers stopped them and subjected them to false arrest, malicious prosecution and violated their equal protection rights. Following briefing on cross-motions for summary judgment, Judge Mauskopf issued a Memorandum & Order ("M & O") denying Plaintiffs' motion and denying Defendants' motion insofar as it sought to dismiss the complaint on the bases of qualified immunity and statute of limitations.[1] Thereafter, Defendants filed a Notice of Interlocutory Appeal of the M & O and moved this Court for a stay of discovery pending appeal. Based on the submissions of the parties, and for the reasons stated below, Defendants' motion is DENIED.

## DISCUSSION

### I. Analysis of the Four Factors Pertaining to the Granting of a Stay of Discovery

When deciding a motion to stay discovery pending interlocutory appeal, a court must determine whether: (1) Defendants have shown a likelihood of success on appeal; (2) Defendants will suffer irreparable harm; (3) a stay will not injure the other parties in the case; and (4) the stay is in the public interest. Amer. Civ. Liberties U. V. Dept. Of Defense, 357 F. Supp. 2d 708, 711 (S.D.N.Y. 2005); Daniels v. City of New York, 138 F. Supp. 2d 562 (S.D.N.Y. 2001) (internal citations and quotation marks omitted).

### A. Defendants' Likelihood of Success on Appeal

"The denial of a motion for qualified immunity is immediately appealable to the extent that the denial turns only on a question of law." Skehan v. Village of Mamaroneck, 465 F. 3d 96, 104 (2d Cir. 2006) (citing Poe v. Leonard, 282 F.3d 123, 131 (2d Cir. 2002)). If the denial of qualified immunity is based on disputed issues of fact, Defendants may appeal if they are willing

---

[1] The M & O granted Defendants' motion as to one defendant (Officer Warren) and dismissed Allen's excessive force and Section 1985 claims.

2

to pursue the appeal based on stipulated facts or the facts as alleged by the plaintiff. See id. at 104-105 (citing Salim v. Proulx, 93 F.3d 86, 90 (2d Cir. 1996)).

Plaintiffs allege that they were stopped due to racial profiling and that Defendants lied to cover up their conduct and to secure the wrongful convictions of Plaintiffs. (M & O at 13-15, 17, 27-29). Based on the facts alleged by Plaintiffs, Defendants have minimal chance to succeed on their qualified immunity on appeal. Instead of relying on the facts as alleged by Plaintiffs, Defendants argue that the Court made a legal error in failing to specify which facts and circumstances articulated by Plaintiffs were known by the officers at the time of the show up procedure. (Deft. Memo of law p.8). Defendants add that the Court relied on facts and circumstances that came to light only after the arrest of the plaintiffs. (Def p. 8-9). Defendants' arguments are without merit.

If Defendants' appeal is not based upon a misapplication of the law, but is a merely a complaint about factual interpretations, as Plaintiffs allege, Defendants will not succeed on appeal. One genuine issue of material fact is the appearance of Lavar Hargrove's jacket. (M & O p. 7). The complainant, Mr. Wu, told the police that one of his attackers was wearing a fluffy jacket or a big overcoat that was some shade of orange. (M & O p. 13). However, the parties agree that at the time of his arrest, Hargrove was wearing a red and blue jacket with a removable red liner. (M & O p. 13).

It is obvious from the language and context of the Court's opinion that the Court correctly identified factual disputes surrounding the officers' perception of the jacket *prior* to the stop. The Court noted "the discrepancies in [Culpepper's] testimony and the lack of any evidence to support his *recollection* create a dispute over this very material fact." (M & O p. 15, emphasis added). Discrepancies in testimony cast doubt about what was observed prior to

3

Plaintiffs' arrest. Similarly, the lack of corroborative evidence further casts doubt on Culpepper's testimony about the appearance of the jacket *prior* to Plaintiffs' arrest. Culpepper's belief about the color of Hargroves' jacket, and whether that was the reason that the officers stopped Plaintiffs, are clearly factors that would have been known by Defendants *prior* to the arrest.[2]

In addition, Defendants claim that there is no indication in the record, that at the time of the arrest, Defendants Liotta and Culpepper were aware of an impairment of the complainant's vision, that he had difficulty communicating, and that he had been shot and was purportedly in shock. (Deft. Mem. of law p. 9). The Court properly focused on the appropriate time frame. The Court identified disputes over Wu's glasses and how far away Wu was from Plaintiffs during the show up procedure. (M & O p. 15). Whether Wu's glasses were smashed in and the distance Wu was from the Plaintiffs are all facts that would have been known to the officers *at the time of the show up procedure and arrest*. The Court also noted factual disputes about Mr. Wu's mastery of the English language. (M & O p. 14). Mr. Wu's physical condition and his ability to speak English are important factors in determining Wu's ability to communicate to the officers immediately *before* the show up procedure. Defendants' polemic concerning Wu's ability to observe Plaintiffs at the show up procedure, Wu's ability to communicate, and the descriptions of the jacket is not a legal argument, but a quarrel over facts that a jury should

---

[2]The fact that the Court mentioned the way the jacket appears in the photographs that were taken after the arrest does not mean that Court is improperly focusing on information discovered after the arrest. The fact that depictions of evidence may be *produced* after an arrest does not mean that the actual evidence was *discovered* after the arrest. Most evidence in a trial is produced after the incident in question has occurred. Testimony is produced after the incident. Photographs of clothing, people, locations and other objects are taken after an incident. The finder of fact must evaluate the consequentially produced testimony, photographs, or documents and determine what was observed, or what actually happened, in the past, *prior* to the production of the evidence.

4

decide. The fact that Defendants keep raising these issues reinforces the reality that there are numerous genuine issues of material fact.

Defendants also claim that in 1998, it was not clearly established that someone wearing a *similarly colored jacket*, combined with the other bases for the stop did not give rise to reasonable suspicion. (Def. Mem. of law p.7). In their argument, Defendants are ignoring the factual disputes concerning the appearance of the jacket prior to the arrest and the other circumstances that served as the bases for the stop. Plaintiffs' position is that at the time of their arrest, Lavar Hargrove was clearly not wearing an orange jacket, and that Plaintiffs were stopped because of their race and gender. (M & O p. 14). In 1998, it was clearly established that Plaintiffs could not be stopped based purely on their race and gender. What has not been established is what exactly Defendants saw, heard, and determined prior to arresting Plaintiffs. The Court correctly determined that there were genuine issues of material fact concerning what the officers knew at the time of the show up procedure and arrest. The Court properly denied qualified immunity, and Defendants will not prevail on appeal.

### B. Irreparable Harm

Defendants will not be irreparably harmed if discovery continues. As discussed above, the Court properly denied qualified immunity based upon genuine issues of material fact. This case is not on the verge of trial, and a great deal of discovery will be directed at the municipal defendant. (Pls. Opp. p. 18). The municipality is not entitled to qualified immunity.

### C. Plaintiffs' Relative Injuries if a Stay is Granted

Plaintiffs will suffer more harm than Defendants if a stay is granted. This case involves conduct that occurred twelve years ago. Plaintiffs have the burden of proof, and as the case

continues to languish, it may become more difficult for Plaintiffs to locate documents and witnesses.

### D. The Public Interest

This case involves events that occurred twelve years ago. Both sides feel strongly about the case, and the public is best served by resolving this dispute expeditiously.

## II.  Proper Jurisdiction

In the alternative, Defendants claim that they are entitled to a stay because the Court has been divested of jurisdiction by the operation of the dual jurisdiction rule. (Deft. Mem. of law p. 2). The district court has discretion in determining whether it lacks jurisdiction because of an interlocutory appeal. See City of New York v. Beretta U.S.A. Corp., 234 F.R.D. 46, 60 (E.D.N.Y. 2006). Where the appeal lacks merit, the district court can elect to proceed. Bradley v. Justino, No. 04-CV-8411 (RWS), 2009 U.S. Dist. LEXIS 42776 (S.D.N.Y. May 18, 2009). For the reasons discussed above, the appeal is nugatory, and the district court retains jurisdiction.

**SO ORDERED**

**Dated: September 10, 2010**
**Brooklyn, New York**

---

**HONORABLE ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**