```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYREE HARGROVES, LAVAR HARGROVES,
and KENNETH WRIGHT,

                Plaintiffs,

        - against -                                              MEMORANDUM & ORDER
                                                                  03-CV-1668 (RRM)(VMS)
THE CITY OF NEW YORK, NEW YORK CITY                               03-CV-3869 (RRM)(VMS)
POLICE DEPARTMENT, BARRY CULPEPPER,                               03-CV-5323 (RRM)(VMS)
and JOSEPH LIOTTA,

                Defendants.
------------------------------------------------------------X

------------------------------------------------------------X
DAVID ALLEN,

                Plaintiff,

        - against -                                              03-CV-4646 (RRM)(VMS)

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, BARRY CULPEPPER,
JOSEPH LIOTTA, and JOHN WARNER,

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.
```

Pending before the Court are plaintiffs Tyree Hargroves, Lavar Hargroves, and David Allen's consolidated actions against individual police officers, the New York City Police Department, and the City of New York. On March 4, 2010, this Court declined to enter summary judgment in favor of the defendants for, among other reasons, the existence of a genuine dispute of material fact as to whether the individual defendants were entitled to qualified immunity on the plaintiffs' § 1983 claims. *See Hargroves v. City of New York*, 694 F. Supp. 2d 198, 209-10 (E.D.N.Y. 2010). The defendants filed an interlocutory appeal, and on February 22, 2011, the Second Circuit reversed and remanded with instructions to enter judgment for

defendants "on the basis of qualified immunity on all of plaintiffs' claims." *Hargroves v. City of New York*, 411 Fed. Appx. 378, 386 (2d Cir. 2011) (summary order).

In response to this Court's order to show cause why judgment should not enter in favor of defendants on all of their claims, plaintiffs contend that the Second Circuit's ruling left intact their state-law claims for malicious prosecution; false arrest and imprisonment[1]; and negligent hiring, training, and supervision. The defendants contend otherwise, arguing that qualified immunity bars plaintiffs' state-law malicious prosecution and false arrest and imprisonment claims and that the negligent hiring, training and supervision claim must be dismissed for the plaintiffs' failure to provide proper notice of this claim. For the following reasons, the Court agrees with the defendants in all respects save one: plaintiff Allen's state law negligent retention and hiring claim survives dismissal; however, the Court declines to exercise supplemental jurisdiction over that claim.

## DISCUSSION

The parties are presumed to be familiar with the facts of this case, which are recounted in this Court's and the Second Circuit's decisions. *See Hargroves v. City of New York*, 411 Fed. Appx. 378; *Hargroves v. City of New York*, 694 F. Supp. 2d 198.

Although no federal claims remain against the defendants, the Court will exercise supplemental jurisdiction over some of the remaining state-law claims. The Court has considered the *Cohill* factors in making this determination. *See Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 112 (2d Cir. 2006) (discussing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988) and instructing district courts to consider the factors – judicial economy, convenience, fairness, and comity – set forth in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343

---

[1] Because false arrest is a species of false imprisonment, *see Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996), the Court refers to this claim throughout only as one for false arrest.

(1988) on whether to exercise supplemental jurisdiction). In the interest of judicial economy, the fact that the state-law claims involve well-settled principles and not novel issues, the ease with which many of these claims can be decided, the fact that the federal-law claims are being dismissed by this Order in light of the Second Circuit's mandate, and, in light of the many years during which this case has been pending, the Court finds that the parties will be well-served by deciding most of the remaining claims. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may exercise supplemental jurisdiction over state-law claims after it has dismissed all claims over which it has original jurisdiction); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305-06 (2d Cir. 2003) (approving of district courts' exercise of supplemental jurisdiction where the federal-law claims were dismissed after the close of discovery and the state-law claims involved only settled principles); *Novak v. Waterfront Comm'n of N.Y. Harbor*, No. 10-CV-9694, 2011 WL 4946386, at *5 (S.D.N.Y. Oct. 17, 2011) (exercising supplemental jurisdiction over state-law claims where all federal claims have been dismissed).

> A. <u>Malicious Prosecution and False Arrest Claims</u>

Plaintiffs contend that their state-law malicious prosecution and false arrest claims were left untouched by the Second Circuit's decision, and that they may proceed against the City on a *respondeat superior* theory of liability. Defendants counter that the Second Circuit's qualified immunity analysis applies equally to these state-law claims, warranting dismissal against the individual officers. With no valid claim against the individual officers, defendants argue that the City cannot be held liable under a *respondeat superior* theory. The Court agrees with defendants.

1. Individual Officers

The Second Circuit applied the following rule to its qualified immunity analysis: "Under federal law, a police officer is entitled to qualified immunity where . . . it was 'objectively reasonable' for [the police officer] to believe that his actions were lawful at the time of the alleged act." *Hargroves*, 411 Fed. Appx. at 382 (quoting *Jenkins v. City of New York*, 478 F.3d 76, 87 (2d Cir. 2007)). "'Ordinarily, determining whether official conduct was objectively reasonable require[s] examination of the information possessed by the officials at that time (without consideration of subjective intent).'" *Id*. (quoting *Conn. ex rel. Blumenthal v. Crotty*, 346 F.3d 84, 106 (2d Cir. 2003)).

As to plaintiffs' false arrest claim, an officer's conduct is "objectively reasonable if there was 'arguable probable cause at the time of the arrest—that is, if 'officers of reasonable competence could disagree on whether the probable cause test was met.'" *Hargroves*, 411 Fed. Appx. at 383 (quoting *Jenkins*, 478 F.3d at 87). Applying this rule, the Second Circuit held that officers Culpepper and Liotta, the individual defendants here, did not act "incompetently or in knowing violation of the law in believing they had probable cause to arrest the plaintiffs once they had been visually identified by the victim." *Hargroves*, 411 Fed. Appx. at 384. Similarly, the court held that officers Culpepper and Liotta were entitled to qualified immunity on these claims because, when making the initial stop of the plaintiffs, "an officer of reasonable competence could properly have believed that Lavar Hargroves (and the rest of his group) matched the description provided by [the victim], even if the description of Hargroves's jacket was not precisely accurate." *Id*. at 385.

For similar reasons, the court rejected the plaintiffs' malicious prosecution claim. The court reasoned that, "even if Lavar Hargroves's jacket was red and blue—as plaintiffs assert—it

would be easy for a reasonable officer to have mistaken red for orange. Such a mistake alone is not enough to suggest, much less show, that defendants 'lied' to the prosecutors or the judge," a necessary showing to rebut the presumption that an indictment by a grand jury creates a presumption of probable cause, the existence of which is a complete defense to a claim of malicious prosecution in New York. *Id*. at 386 (citing *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)).

Under New York law, officers are entitled to qualified immunity where "'there is bad faith or the action is taken without a reasonable basis.'" *Blouin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 363-64 (2d Cir. 2004) (quoting *Arteaga v. State*, 527 N.Y.2d 212, 216 (1988)); *see also Jones v. Parmley*, 465 F.3d 46, 64 (2d Cir. 2006) (explaining that under New York state law, officers are entitled to qualified immunity on false arrest claims where it was "objectively reasonable for the police to believe that they had probable cause to arrest"). While qualified immunity under federal law is an objective inquiry, New York's qualified immunity has both an objective component (reasonableness) and a subjective component, making qualified immunity unavailable if there are "'undisturbed findings of bad faith.'" *Lore v. City of Syracuse*, 670 F.3d 127, 166 (2d Cir. 2012) (quoting *Pietra v. State*, 71 N.Y.2d at 792, 795 (N.Y. 1988)). Here, plaintiffs do not argue that the individual officers acted in bad faith. Thus, their argument against qualified immunity is based only on whether the officers' conduct was objectively reasonable.

The objective components of both federal and New York qualified immunity analysis – the reasonableness inquiry – are essentially, coextensive. *See Jones*, 465 F.3d at 64 (reasoning that federal qualified immunity analysis "applies to, and controls, the qualified immunity questions presented under New York law"); *Mesa v. City of New York*, 09-CV-10464, 2013 WL

31002 (S.D.N.Y. Jan. 3, 2013) (reasoning that New York's qualified immunity rule "is the same standard as that applied in federal qualified immunity analysis"); *Johnson v. City of New York*, No. 05-CV-7519, 2011 WL 2693234, at *4 (S.D.N.Y. June 30, 2011) (reasoning that qualified immunity analysis as to a federal malicious prosecution claim is identical to the same as to a state malicious prosecution claim). "[T]hus, where an officer's actions are deemed objectively reasonable, that officer will be immune under both federal and state law." *Mesa*, 2013 WL 31002; *see also Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 250 n.5 (E.D.N.Y. 2011) (applying the court's qualified immunity analysis on the federal claims to the identical state-law claims).

Here, the Second Circuit's ruling that the individual officers were entitled to qualified immunity on plaintiffs' federal false arrest claim applies equally to the plaintiffs' analogous state-law claim. As the Second Circuit concluded, Culpepper and Liotta "acted reasonably" in their initial stop and arrest of plaintiffs. *Hargroves*, 411 Fed. Appx. at 385. As such, they are entitled to qualified immunity on plaintiffs' false arrest and malicious prosecution claims. Similarly, just as the officers' reasonableness entitled them to qualified immunity on the federal malicious prosecution claim, the officers are entitled to the same on the state-law analogue. The state false arrest claim as against Culpepper and Liotta must therefore be dismissed.

Additionally, the Second Circuit even concluded that "no other evidence in the record supporting plaintiffs' claim that the officers knowingly *misled* the prosecutor and the trial judge," a necessary showing to state a malicious prosecution claim under federal and state law. *Id*. at 386. Thus, plaintiffs' state malicious prosecution claim as against Culpepper and Liotta must also be dismissed.

2. *Respondeat Superior*

Given that the state false arrest and malicious prosecution claims are dismissed as against the individual officers, plaintiffs' same claims against the City must also be dismissed. There being no underlying offense for which the City could be held vicariously liable, the same claims must be dismissed as against the City. In other words, by dismissing these claims as against officers Culpepper and Liotta, there is no tort upon which *respondeat superior* liability may be predicated. *Stevens v. City of New York*, No. 10-CV-2172, 2012 WL 5862659, at *4 n.6 (S.D.N.Y. Nov. 14, 2012); *see also Harsco v. Segui*, 91 F.3d 337, 349 (2d Cir. 1996) (dismissing claims predicated on *respondeat superior* liability where there was no "surviving underlying theory of liability").

Plaintiffs cite one case standing for the contrary proposition, *Verponi v. City of New York*, 31 Misc. 3d 1230(A), 2011 WL 1991719 (N.Y. Sup. Ct. 2011), an unreported decision from the New York Supreme Court. The *Verponi* court held that "while the individual police officers are entitled to immunity, the Defendant City of New York is not immune from such state law claims, and may still be liable for the police officers' actions pursuant to doctrine [sic] of *respondeat superior.*" The court cited no authority for this proposition, and offered no reasoning to support its conclusion. Moreover, the holding in *Verponi* is contrary to weight of authority discussed above. In addition to *Stevens* and *Harsco*, the court in *Johnson* held that where an individual officer is protected by qualified immunity, the same claims against the City predicated on a vicarious liability theory must also be dismissed. 2011 WL 2693234, at *4 (citing *Hayes v. City of Amsterdam*, 770 N.Y.S.2d 138, 140 (3d Dep't 2003); *cf. Ackerson v. City of White Plains*, 702 F.3d 15, 22 (2d Cir. 2012) (reversing district court's determination that qualified immunity applied as to individual defendants and reinstating the same claims as against the city defendant

7

under a theory of *respondeat superior*). This Court is persuaded by the reasoning offered in *Stevens*, *Harsco*, *Johnson*, and *Ackerson*. Accordingly, the plaintiffs' false arrest and malicious prosecution claims as against the City of New York are dismissed.

B. Negligent Hiring, Training and Supervision Claim

Plaintiffs also contend that their claim for negligent hiring, training and supervision as against the City remains intact after the Second Circuit's decision. The Second Circuit did not discuss this claim in its opinion. Defendants counter that this claim must be dismissed, nevertheless, because plaintiffs failed to provide proper notice of the claim under N.Y. Gen. Mun. Law §§ 50-e and 50-i.

This Court addressed plaintiffs' negligent hiring, training and supervision claim in its March 4, 2010 order. At that time, the Court rejected the defendants' argument that the plaintiffs' notice of claim was insufficient to put the City on notice of this particular claim. *See Hargroves*, 694 F. Supp. 2d at 218 (finding that "neither the record nor the law is clear enough to justify dismissal at this time" of the plaintiffs' negligent hiring, training and supervision claim on the grounds of insufficient notice).

As a general matter, this Court would not revisit this prior ruling here. "The law of the case doctrine, while not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent "cogent" and "compelling" reasons such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)). Upon considering additional case law developed subsequent to this Court's 2010 decision, however, the Court will reconsider the City's argument on this claim.

8

Under New York law, a notice of claim is a condition precedent to bringing certain tort actions against a municipality such as the City for damages sustained by reason of the negligence or wrongful act of the municipality or its officers, agents or employees. *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir.1999) (citing N.Y. Gen. Mun. Law § 50-e). Among other things, a notice of claim is required to state the nature of the plaintiff's claim and "'the time when, the place where and the manner in which the claim arose.'" *Fisher v. County of Nassau*, No. 10-CV-0677, 2011 WL 4899920, at *3 (E.D.N.Y. Oct. 13, 2011) (citing § 50-e and *Phillipps v. N.Y. City Transit Auth.*, 890 N.Y.S.2d 510, 512 (1st Dep't 2009)). The notice of claim "need not provide that information with 'literal nicety or exactness'; rather, the test is whether the Notice provides facts sufficient to enable the [municipality] to investigate" the claim. *Fisher*, 2011 WL 4899920, at *3 (quoting *Phillipps*, 890 N.Y.S.2d at 512 and *Baker v. Town of Niskayuna*, 891 N.Y.S.2d 749, 751 (3d Dep't 2010)). "Specifically, the notice should include a description sufficient to allow the municipality to 'locate the place, fix the time [,] and understand the nature of the [claim].'" *Ferlito v. County of Suffolk*, No. 06-CV-5708, 2007 WL 4180670 (E.D.N.Y. Nov. 19, 2007) (quoting *Brown v. City of New York*, 95 N.Y.2d 389, 393 (2000)).

The Hargroves plaintiffs' notices of claim are nearly identical. They described "the nature of the claim" as "false arrest and imprisonment and malicious prosecution." (Ex. A to Defs.' Ltr. Mot. to Dismiss (Doc. No. 190).) In response to the question "the time when, the place where, and the manner in which the claim arose," Lavar Hargroves answered:

> March 21, 1998 around 12:15 a.m. on Jamaica Avenue, and 198th Street when I was stopped by the police with guns drawn with no probable cause. I was arrested and put in jail and convicted 7/26/00[.] I spent over four years in jail in Rikers Island.

(*Id.*) Tyree Hargroves answered the same question with:

9

> March 21, 1998 around 12:15 a.m. on Jamaica Ave. and 198 St. when I was stop[ped] by the police with guns draw, with no probable cause, as I was walking on Jamaica Ave. I was arrested and put in jail and convicted on 7-26-00 and spent over 5 ½ years in jail. From the date of the arrest in Rikers Island. I was released 1-3-03.

(*Id*.)

Plaintiff David Allen's notice of claim is much more fulsome, and, most importantly, specifically sets forth a claim for negligent hiring, training, and supervision against the City. His notice of claim describes the nature of the claim as, in part, the following:

> Negligence of the City of New York, its agents, servants and employees in hiring and retaining a person who was unfit to serve as a police officer and who it knew or should have known had dangerous propensities and lack of proper temperament, in that the City of New York, its agents, servants and employees failed to exercise reasonable precautions in employing this police officer by failing to properly investigate his background and would have determined that he was unfit to serve as a policeman all without any negligence on the part of the claimant David Allen contributing thereto; and,
>
> Negligence of the City of New York, its agents[,] servants and employees in training and instruction of its police officers by not exercising care in instructing them as to their department, behavior and conduct as policemen and representatives of the City of New York and in the training and instruction, among other things, on the proper use of weapons without any negligence on the part of the claimant David Allen contributing thereto.

(Ex. D-1 to Rabinowitz Aff. (Doc. No. 138).)

The differences between Allen's and the Hargroves' notices of claim demonstrate why the latter are insufficient. Unlike Allen's notice of claim, the Hargroves' "failed to indicate the legal theories on which [they] now proceed[] against the" City. *Fisher*, 2011 WL 4899920, at *3. Moreover, the Hargroves' notices of claim do not set forth any facts that in any way suggest a claim for negligent hiring, training and supervision. The facts they recite put the City on notice only as to the whether they were falsely arrested, that is, "with no probable cause," and

10

prosecuted maliciously as a result, as they were both convicted on July 26, 2000. (Ex. A to Defs.' Ltr. Mot. to Dismiss.) The facts stated in the Hargroves' notices relate only to their date of arrest, but any facts arising out of the City's negligent hiring, training or supervision "would, of necessity, have occurred prior to that date." *Ferlito*, 2007 WL 4180670, at *4.

The notice of claim was similarly deficient in *Fincher v. County of Westchester*, 979 F. Supp. 989 (S.D.N.Y. 1997). There, the notice of claim did not "mention negligent hiring, training, or supervision among the stated causes of action, contain[ed] no factual allegations concerning those claims, and therefore fail[ed] to serve notice of those theories of liability." *Id*. at 1003. Likewise, the court in *Scott v. City of New York*, 40 A.D.3d 408, 409 (1st Dep't 2007) held that the lower court erred in denying the City's motion to dismiss false arrest and malicious prosecution claims where the notice of claim "was limited to allegations of assaultive conduct by the police officers and their use of excessive force." In pointing out that "there were no allegations, either express or implied, supporting the newly raised causes of action for false arrest and malicious prosecution," the court relied on previous decisions where it dismissed false arrest and malicious prosecution claims when the notice of claim "was limited to allegations of negligence, recklessness or assault and battery." *Id*. at 410 (citing *Garcia v. O'Keefe*, 34 A.D.3d 334, 335 (1st Dep't 2006); *Wanczowski v. City of New York*, 186 A.D.2d 39 (1st Dep't 1992); *Mazzilli v. City of New York*, 154 A.D.2d 355, 357 (2d Dep't 1989)).

Just as the *Fincher* and *Scott* courts dismissed certain causes of action where the notices of claim's stated facts and theories of liability did not raise, these causes of actions, the Hargroves' claim for negligent hiring, training and supervision must be dismissed for failure to expressly or impliedly state facts, or simply list the theory of liability, supporting this cause of action. *See also Rose v. County of Nassau*, No. 12-CV-0536, 2012 WL 5467535, at *4

(E.D.N.Y. Nov. 9, 2012) (dismissing all claims sounding in negligence where notice of claim alleged only illegal detention, false arrest, false imprisonment, and malicious prosecution); *Fisher*, 2011 WL 4899920, at *3 ("Nowhere in his Notice of Claim narrative does Plaintiff suggest that he planned to pursue negligent hiring and negligent supervision. This oversight is fatal to these causes of action."); *Gagnon v. City of Saratoga Springs*, 51 A.D.3d 1096, 1098-99 (3d Dep't 2008) (declining to consider new theory of negligence as it was based on facts not asserted in the notice of claim); *Delgado v. N.Y. City Hous. Auth.*, 51 A.D.3d 570, 571 (1st Dep't 2008) (affirming lower court's rejection of plaintiff's theories of liability that had not been set forth in the notice of claim); *Chieffet v. N.Y. City Transit Auth.*, 10 A.D.3d 526, 527 (1st Dep't 2004) ("Plaintiff's later theories of liability . . . are precluded for failure to assert them in the original notice of claim."); *Urena v. City of New York*, 221 A.D.2d 429, 429 (2d Dep't 1995) (affirming dismissal of claim for negligent hiring where notice of claim alleged only "negligence" and contained no factual allegations concerning negligent hiring); *Bryant v. City of New York*, 188 A.D.2d 445, 446 (2d Dep't 1992) (affirming dismissal of claim for negligent hiring, training, or supervision where notice of claim did not mention that cause of action; action involved illegal arrest and malicious prosecution).

      Allen's notice of claim does not suffer from the same deficiency. His states the theory of liability – the City's negligence "in hiring and retaining" and "training and instruction of" officers. (Ex. D-1 to Rabinowitz Aff.) His complaint, moreover, alleges that the City "has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants," and that the City has caused Allen damage "by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees." (Compl. (Doc. No. 1 in 03-CV-4646) at ¶¶ 70-71.)

This claim being the only claim remaining in this litigation, as all of the federal and other state law causes of action have been dismissed, the Court declines to exercise supplemental jurisdiction over it. Unlike the other state-law claims decided above, no briefing on the merits of this claim has been submitted, either upon remand from the Second Circuit or during the pendency of the summary judgment motion.[2] *See In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (in the interests of judicial economy, comity, convenience, and fairness, dismissing state-law claims where all federal law claims have been dismissed).

---

[2] The Court notes that throughout this litigation, counsel for defendant Allen generally joined in the motions filed by co-plaintiffs. *See e.g.*, Doc. Nos. 137, 155, 158, 179, and 181. As to the instant motion, Allen's co-plaintiffs argued that the Court should decline to exercise supplemental jurisdiction over any surviving state claims. *See* Doc. No. 191. However, by electronic order issued on May 2, 2013, the Court invited Allen to submit a separate response to the instant motion should he wish. None was filed, and the issues related to Allen's surviving state law claim have never been separately briefed, either before or after the Second Circuit's decision. The Court takes no position on the merits or viability of the surviving claim.

**CONCLUSION**

For the reasons stated herein, the Court dismisses with prejudice all remaining state court claims brought by plaintiffs Tyree Hargroves, Lavar Hargroves and David Allen against all defendants, save plaintiff Allen's state law claim for negligent hiring and retention, over which this Court declines to exercise supplemental jurisdiction and is dismissed without prejudice.[3]

The Clerk of Court is directed to enter judgment accordingly, and close the file in all related cases.

SO ORDERED.

Dated: Brooklyn, New York
      March 26, 2014

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[3] By separate Order issued this date, the Court addresses the Report and Recommendation of Magistrate Judge Vera Scanlon with respect to the motion for costs and fees brought by plaintiffs Brandon Hargroves and Kenneth Wright.